**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 4 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN PABLO PLAZA-MENDOZA, AKA David Ramos-Mendoza, | No. 17-71841 18-72907 |
| Petitioner, | Agency No. A206-458-332 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 17, 2020**
San Francisco, California

Before: SILER,*** LEE, and BUMATAY, Circuit Judges.

David Ramos Mendoza seeks review of multiple decisions by the Board of

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Immigration Appeals.[1]  He filed two separate petitions to challenge (1) the denial of relief from removal and the disposition of his motion to reopen based on ineffective assistance of counsel, and (2) denial of his motion for reconsideration.  We have jurisdiction under 8 U.S.C. § 1252(a).  We review *de novo* the BIA's determinations of questions of law and mixed questions of law and fact, and we review for substantial evidence the BIA's factual findings.  *See Conde Quevedo v. Barr*, 947 F.3d 1238, 1241–42 (9th Cir. 2020).  We deny both petitions.

1.     <u>Denial of relief from removal</u>:  Mendoza applied for asylum and withholding of removal based on his membership in the particular social group of "Guatemalans who have refused forced recruitment efforts by rural gangs."  For a proposed group to be cognizable, it must be defined with particularity. *See Conde Quevedo*, 947 F.3d at 1242.  Particularity requires "characteristics that provide a clear benchmark for determining who falls within the group." *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 239 (B.I.A. 2014).  In other words, a group "must also be discrete and have definable boundaries—it must not be amorphous, overbroad, diffuse, or subjective" because "not every 'immutable characteristic' is sufficiently precise to define a particular social group." *Id.*

Here, the IJ and BIA reasonably concluded that Mendoza's proposed group

---

[1]     According to the petitioner, the name in the caption was given to him by mistake.  We will therefore use the petitioner's real name.

lacks particularity. The proposed group leads to unresolved questions about group membership. For example, people can disagree about what is a sufficient "refusal" and what constitutes a "forced recruitment effort." Mendoza also does not point to evidence showing that members of Guatemalan society would agree on who is a member of this group. Indeed, we have rejected similar groups as overly broad. *See, e.g., Barrios v. Holder*, 581 F.3d 849, 855 (9th Cir. 2009), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (rejecting proposed group of young males in Guatemala who are targeted for gang recruitment but who refuse because they disagree with the gang's criminal activities and citing cases); *Ramos-Lopez v. Holder*, 563 F.3d 855, 861–62 (9th Cir. 2009), *abrogated on other grounds by Henriquez-Rivas*, 707 F.3d at 1093 (finding that the proposed group — young Honduran men who have been recruited by MS-13 but refused — was too broad).

The IJ did the requisite case-specific analysis, which was adopted fully by the BIA, in deciding this question. The IJ reviewed the evidence presented, made specific factual findings, and found that Mendoza testified credibly. Though both the IJ and the BIA compared Mendoza's proposed group to those of other cases, that does not mean they did not do the appropriate case-specific analysis. These cases are persuasive authority on why Mendoza's proposed group is not cognizable, and Mendoza fails to show why his case should be treated differently. *Cf. Barrios*, 581

F.3d at 855 ("Ramos's argument that young men in Guatemala who resist gang recruitment constitute a social group is indistinguishable from the argument made in *Ramos-Lopez*. Accordingly, we must reject Ramos's argument for the reasons explained in that case.") (footnote omitted).

Even assuming that Mendoza's particular social group is cognizable, Mendoza's claims fail because substantial evidence supports the finding that there is no nexus between any persecution and his membership in this protected group. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (per curiam). The only evidence to which Mendoza points — that the gang asked him why he refused to join the gang and then threatened and hurt when he refused — does not compel the opposite the conclusion. *See Matter of M-E-V-G-*, 26 I. & N. Dec. at 250 (explaining that being "subjected to one of the many different criminal activities that the gang used to sustain its criminal enterprise" does not "demonstrate that he was more likely to be persecuted by the gang on account of a protected ground than was any other member of the society"). Since the BIA and the IJ found no nexus, Mendoza's case necessarily fails both the nexus standard for asylum and the nexus standard for withholding of removal, so remand is not required. *See Singh v. Barr*, 935 F.3d 822, 827 (9th Cir. 2019) (per curiam).

In addition, substantial evidence supports the denial of CAT relief. Mendoza argues that the fact that the police did not make a report and laughed at him when he

4

reported his kidnapping shows that any harm that he suffered or will suffer would be in the context of government acquiescence. But this evidence does not compel the conclusion that the police acquiesced to the gang's plans to harm him. This court has explained that acquiescence requires officials to have an awareness of the activity and to breach their legal duty to prevent the activity, *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014), and the police's failure to take Mendoza seriously does not compel the conclusion that the police knew about the gang's plans to harm him. Moreover, country-conditions evidence on its own is insufficient to establish government acquiescence to Mendoza's alleged harm. *See Singh v. Whitaker*, 914 F.3d 654, 663 (9th Cir. 2019).

Finally, despite Mendoza's assertions, neither the IJ nor the BIA issued a boilerplate decision for the request for CAT relief. Boilerplate decisions are decisions that "set out general legal standards yet are devoid of statements that evidence an individualized review of the petitioner's contentions and circumstances, and they neither afford the petitioner the BIA review to which he or she is entitled, nor do they provide an adequate basis for this court to conduct its review." *Castillo v. I.N.S.*, 951 F.2d 1117, 1121 (9th Cir. 1991). Here, the IJ issued a fifteen-page opinion that made specific factual findings about the petitioner's case and that specifically addressed Mendoza's circumstances. And the BIA adopted the IJ's analysis in full. This is a far cry from the type of opinions that this court has found

5

insufficient. *See*, *e.g.*, *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005) (explaining that the BIA abused its discretion in denying a motion to reopen when it denied the motion in a footnote that stated "[t]he respondent's motion to reopen is denied" without additional explanation).

2. <u>Ineffective assistance of counsel</u>: The BIA did not err by declining to consider Mendoza's ineffective assistance of counsel claim as it pertained to CAT relief when it reissued its decision. Mendoza's initial motion to reopen and reissue the decision was directed at his first attorney's failure to timely notify him of the BIA's original decision. The BIA addressed the substance of the motion as initially filed and granted the requested relief.

Moreover, Mendoza's ineffective assistance claim based on his prior counsel's handling of his CAT claim also fails. The record does not show that the gang members harmed Mendoza with government involvement or acquiescence, and Mendoza fails to show what other evidence should have been added to better develop this argument. *Compare with Lin v. Ashcroft*, 377 F.3d 1014, 1022, 1024–25 (9th Cir. 2004).

As for Mendoza's ineffective assistance claim based on his prior counsel's failure to provide evidence of social distinction, this claim fails because Mendoza was not prejudiced by any alleged failure. As explained above, the failure to show particularity in his proposed group and the failure to show any nexus are independent

6

bases for why his asylum and withholding of removal claims failed. Thus, any issue with the social distinction analysis would not have changed the ultimate outcome. *See Kwong v. Holder*, 671 F.3d 872, 880 (9th Cir. 2011) (requiring prejudice for an ineffective assistance of counsel claim); *Nehad v. Mukasey*, 535 F.3d 962, 967 (9th Cir. 2008) ("Prejudice only results when counsel's performance is 'so inadequate that it may have affected the outcome of the proceedings.'") (quoting *Ortiz v. I.N.S.*, 179 F.3d 1148, 1153 (9th Cir. 1999)).

Finally, Mendoza's claim of ineffective assistance of counsel based on the failure to raise alleged interpretation issues fails because Mendoza does not show how "a better translation would have made a difference in the outcome of the hearing." *Kotasz v. I.N.S.*, 31 F.3d 847, 850 n.2 (9th Cir. 1994) (quoting *Acewicz v. U.S. I.N.S.*, 984 F.2d 1056, 1063 (9th Cir. 1993)).

3. <u>Notice of removal</u>: Mendoza argues that his notice to appear did not vest jurisdiction in the immigration court because it did not include the time and date of the initial hearing. This argument is foreclosed by binding precedent, however. *See Karingithi v. Whitaker*, 913 F.3d 1158, 1160–61 (9th Cir. 2019); *Aguilar Fermin v. Barr*, 958 F.3d 887, 893–95 (9th Cir. 2020). *Karingithi* cannot be distinguished from this case because, similar to the *Karingithi* petitioner, 913 F.3d at 1159, Mendoza received actual notice of his hearings.

Mendoza also fails to show that the government violated 8 C.F.R.

§ 1003.18(b). The 2018 EOIR memorandum that changed the scheduling system on a moving forward basis does not reveal anything about the government's abilities to provide the time and date information when Mendoza received his notice to appear in June 2014. The same is true with regard to the government's admission in *Pereira v. Sessions*, 138 S. Ct. 2105, 2119 (2018) that it previously was able to provide hearing date information on notices to appear. Thus, Mendoza has not shown it was in fact practicable for the government to provide this information on his notice to appear. *Kohli v. Gonzales*, 473 F.3d 1061, 1068 (9th Cir. 2007) (explaining that there is a "well established principle of federal law that administrative agencies are entitled to a presumption that they 'act properly and according to law'" and that "[i]n the absence of clear evidence to the contrary, courts presume that public officers properly discharge their duties") (citations omitted).

**PETITIONS DENIED**